Theodore Heman, Receiver, Plaintiff in Error, *v*. John Francisco et al., Defendants in Error.

November 14, 1882.

1. The name of the maker of a writing in the form of a promissory note cannot be supplied by parol evidence.

2. One cannot be held as a surety on an instrument which creates no primary obligation.

ERROR to the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

B. H. DYE, for the plaintiff in error.

W. BROWN and B. D. LEE, for the defendants in error.

LEWIS, P. J., delivered the opinion of the court.

A paper, of which the following is a copy, is here sued on as a promissory note : —

" No. 25.                    ST. LOUIS, May 7, 1868.

One day after date, we, jointly and severally,  .   .   .   .
.   .   .   as principal, and John Francisco, J. B. Walsh & Co., Sam'l Willi, Wm. Vanzandt, as securit   .   .   .   ,
promise to pay to the Atlas Mutual Life Insurance Company of St. Louis, fourteen thousand four hundred dollars, for value received, negotiable and payable without defalcation or discount, with interest at the rate of   .   .
.   per cent per annum from maturity until paid.   C. A. Mantz having executed his note with security, and being desirous of securing the same, hereby pledge as collateral security one hundred and eighty shares.   And in default of payment of the said note, or any portion thereof, when the same is required to be paid by said company,   .   .   .
.   .   .   .   .   hereby authorize said company to sell the same at public or private sale or otherwise, at its option, upon such default, without notice, and apply the proceeds to the payment of the above note ; and said company is also authorized to use, transfer, or hypothecate the same at its option.

Witness :                           JOHN FRANCISCO.
                                    J. B. WALSH & Co.
                                    SAM'L WILLI.
$   .   .   .                        WM. VANZANDT."

The circuit court excluded this paper from evidence, on the grounds that it created no obligation upon the signers,

and was void for every purpose. The plaintiff took a non-suit, with leave, etc.

The ruling of the circuit court was unquestionably correct. The effect of the instrument must be gathered from what appears upon its face, and not from what might have appeared there, if the parties had done something more. We may properly understand from the word " securit-," as written or printed, that the parties mean to say " security." But we cannot interpret a blank space as meaning C. A. Mantz before the words " as principal," nor as meaning the signers, when their names are carefully inserted after those words, with the addition, " as securit-."

Still less could we transform another blank space, at the bottom of the instrument, into the signature of C. A. Mantz, or of any other person. It follows that, if it was intended that C. A. Mantz, or any one else, should become a principal obligor, that intention was never consummated. It is patent that the signers intended to assume no obligation other than that of sureties for the undertaking of some one else, as a principal. It results further that, inasmuch as the principal's undertaking never came into existence, the moment has not yet arrived in which the contemplated obligation of the signers might begin to be. The instrument is incomplete on its face, and has never been in condition for a binding delivery. To hold the signers, under such circumstances, as principal obligors, would be to deprive them of all reserved rights, which, in civilized countries everywhere, are inseparable from the position of sureties.

Nothing in the paper indicates a purpose in the signers, to surrender those rights. If the defendants should be compelled to pay the amount claimed, there would be no principal obligor in existence, upon whom they could have recourse. Nor could they, before payment, exercise their right to compel the holder to proceed against the principal

for their protection.. These unjust consequences would follow, not from anything that the defendants have done, but in spite of the fact that, in defining the nature and limits of their undertaking, they have done all that the law required to shield them from liability on a different undertaking. The plaintiff complains that he was not permitted to prove that the paper sued on had been construed by the defendants, and "treated in every sense as a valid, unconditional promissory note." We know of no rule by which the plainly expressed legal intent of a written instrument may be varied by proof, that the parties thought it intended something else. As well claim that a paper which is not a deed, because it lacks all the legal requisites of such an instrument, must nevertheless be held and treated as a valid and effectual conveyance of land, because the party signing it declared it to be a deed.

We need not dwell upon the well-known general rule that extrinsic evidence cannot be admitted to contradict, add to, substract from, or vary a written contract. Counsel for the plaintiff cites a number of cases in which it was permitted to explain latent ambiguities, to complete the terms of contract, where the writing did not purport to contain them, or to give effect to the words of an instrument, where, without a knowledge of surrounding circumstances, the words were too obscure or ambiguous to convey any, or if any, the proper, meaning. But none of those decisions touch the present case. As to the obligation assumed, or intended to be assumed by the defendants, there is not the least ambiguity, obscurity, or uncertainty whatever.

It is the obligation of sureties, or none at all. This is not a case wherein an entire contract was completed between the parties, but the writing purports to contain only a part of it. The writing here contains all that the defendants agreed to, but what is. omitted — the engagement of

Mantz, or some other principal — was essential to the completion of their contract, and therefore there is, in fact, no contract at all. To establish by parol testimony, against the defendants, a complete contract made by them as principals, would be to contradict the writing, and introduce an undertaking different from that which is distinctly expressed. The judgment must be affirmed. All the judges concur.